IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JACK WHITNEY,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **U.S. DEPARTMENT OF DEFENSE,** | ) |
| 1155 Defense Pentagon | ) |
| Washington, DC 20301 | ) |
| | ) |
| **U.S. DEPARTMENT OF THE ARMY,** | ) |
| 101 Army Pentagon | ) |
| Washington, DC 20301-0101 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1.      Plaintiff JACK WHITNEY brings this suit to force Defendants U.S. DEPARTMENT OF DEFENSE and U.S. DEPARTMENT OF THE ARMY to produce records regarding the parachute accident that killed Ethan Carpenter at the Parachute Training and Testing Facility at Pinal Airpark, Arizona on March 15, 2019.  ARMY produced some records in response to Plaintiff's FOIA request but has not produced all records responsive to the request, despite Plaintiff submitting multiple appeals referencing the specific records excluded from the record productions without explanation.

## PARTIES

2.      Plaintiff JACK WHITNEY ("WHITNEY") is an independent documentarian and is the FOIA requester in this case.

3.      Defendant U.S. DEPARTMENT OF DEFENSE ("DOD") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

4. Defendant U.S. DEPARTMENT OF THE ARMY ("ARMY") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552. DOD is the parent agency of ARMY.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## JUNE 21, 2021 FOIA REQUEST TO ARMY

7. On June 21, 2021, Plaintiff submitted a FOIA request to ARMY's Special Operations Command for "the accident investigations for the parachute accident that killed SFC Ethan Carpenter."  The accident took place on March 15, 2019 at the Parachute Training and Testing Facility at Pinal Airpark, Arizona.

8. A true and correct copy of the original FOIA request is attached as Exhibit 1.

9. On June 22, 2021, ARMY acknowledged receipt of the request and assigned FOIA case number FA-21-0104 to the matter.

10. A true and correct copy of the acknowledgement letter is attached as Exhibit 2.

11. On February 3, 2022, ARMY produced "releasable" copies of various records regarding the Army Regulation 15-6 investigation ordered by LTG Francis Beaudette, former commander of ARMY's Special Operations Command.  The records contained redactions pursuant to FOIA exemptions b(5) for attorney work product and deliberative process, and b(3) and b(6) for "routinely deployable sensitive units" and personal privacy.  In its response, ARMY stated while it was providing a "releasable" copy of the records, "you retain the right to request the records in their entirety. At that time, your request and the responsive records will be sent to the Initial Denial Authority for a final release determination."

12. A true and correct copy of the response letter and responsive records is attached as Exhibit 3.

13. The released records include a memorandum dated August 2, 2019 issued by Lt. Gen. Francis M. Beaudette the ("Second Appointment Memo") that references a prior memorandum Lt. Gen Beaudette had issued on March 25, 2019 (the "First Appointment Memo") outlining specific matters for investigation into SFC Carpenter's death. *See* Exhibit 3 at 19.

14. ARMY did not produce the First Appointment Memo.

15. The released records also include a November 4, 2019 memorandum (the "Findings and Recommendations Memo") containing findings and recommendations made by the investigating officer appointed in the Second Appointment Memo.

16. The Findings and Recommendations Memo references and directly quotes a finding in what it describes as "the initial investigation." Exhibit 3 at 13.

17. According to the Findings and Recommendations Memo, the initial investigation found that SFC Carpenter and another individual collided due to "a dynamic turn caused by an uneven opening in [REDACTED] canopy." Exhibit 3 at 13.

18. According to the Findings and Recommendations Memo, this quotation comes from an Exhibit A, Page 15, Paragraph 3d. *See* Exhibit 3 at 13.

19. The released records contain a page entitled "Exhibit A: Initial 15-6 Investigation, Dated 23 April, 2019." Exhibit 3 at 25.

20. ARMY did not produce either a Page 15, Paragraph 3d or the original language quoted in the Findings and Recommendations Memo.

21. On information and belief, the document entitled "Exhibit A: Initial 15-6 Investigation, Dated 23 April, 2019" is a cover page to an initial investigation that was not

produced in its entirety, the latter of which contains a Page 15, Paragraph 3d and the source of the quotation in the Findings and Recommendations Memo.

22. On February 8, 2022, Plaintiff sent a message to ARMY inquiring about the missing First Appointment Memo and the absence of the materials from the initial investigation.

23. ARMY claimed that it had released all responsive records but did not specifically account for these missing records.

24. A true and correct copy of the correspondence is attached as Exhibit 4.

25. On March 3, 2022, Plaintiff inquired about how to request the responsive records in their entirety, as stated previously in ARMY's February 3, 2022 response letter. ARMY sent a response stating, "you received all the information that will be released to you," and that requesting the records in their entirety would "consist of an administrative drill" between the Special Operations Command Office and the Office of the Judge Advocate General that would result in a denial of the request. Exhibit 4.

26. On March 3, 2022, Plaintiff stated he wanted to appeal the decision to the Office of the Judge Advocate General (OTJAG) and explained why ARMY was incorrect that all responsive records, including the First Appointment Memo and the initial investigation, had been produced. ARMY responded stating it would submit Plaintiff's request to the Initial Denial Authority (OTJAG).

27. On March 9, 2022, ARMY sent a release of investigative information with redactions pursuant to FOIA Exemptions (b)(5), (b)(3), and (b)(6).

28. A true and correct copy of the response letter and attached records are attached as Exhibit 5.

29. On July 14, 2022, ARMY also released a Law Enforcement Report in response to Plaintiff's request.

30. A true and correct copy of the response and Law Enforcement Report is included as Exhibit 6.

31. On March 26, 2023, ARMY's OTJAG responded to Plaintiff's request, attaching five pages of documents previously released to Plaintiff in March of 2022 with redactions pursuant to FOIA Exemptions (b)(5), (b)(3), and (b)(6).

32. A true and correct copy of the response and additional documents is included as Exhibit 7.

33. On March 29, 2023, Plaintiff sent an appeal letter to ARMY stating the records provided in ARMY's most recent response were already provided in a previous response and asserting the material he is seeking was still absent. In his appeal, Plaintiff attached specific references to the missing materials referenced in ¶¶ 13, 16, 17, 18, and 19, *supra*.

34. A true and correct copy of the appeal letter is attached as Exhibit 8.

35. On August 25, 2023, ARMY's Office of the General Counsel stating it was remanding the case to the Special Operations Command for further processing of the responsive documents.

36. A true and correct copy of the remand letter is attached as Exhibit 9.

37. On August 28, 2023, ARMY's Human Resources Command acknowledged receipt and acceptance of Plaintiff's FOIA request and assigned control number FA-23-3640 to the matter. *Id*.

38. On August 29, 2023, Plaintiff sent a letter to ARMY contesting its decision to refer the request to the Human Resources Command rather than the Special Operations Command as ARMY stated in its previous letter.

39. A true and correct copy of Plaintiff's letter is attached as Exhibit 10.

40. On September 28, 2023, ARMY's Human Resources Command responded to Plaintiff's FOIA request and released records with redactions pursuant to FOIA exemptions b(3) and b(6) that had previously been released to Plaintiff in February of 2022.

41. A true and correct copy of the response is attached as Exhibit 11.

42. ARMY did not send any further correspondence to Plaintiffs regarding this request.

43. As of the date of this filing, ARMY has not produced all non-exempt records in response to Plaintiff's FOIA request, including but not limited the First Appointment Memo and records from the initial investigation.

## COUNT I – ARMY'S FOIA VIOLATION

44. The above paragraphs are incorporated by reference.

45. Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

46. Defendant ARMY is a federal agency subject to FOIA.

47. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

48. Defendant ARMY has failed to conduct a reasonable search for records responsive to the request.

49. Defendant ARMY has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiff asks the Court to:

    i. declare that Defendant has violated FOIA;

    ii. order Defendant to conduct a reasonable search for records and to produce the requested records promptly;

    iii. enjoin Defendant from withholding non-exempt public records under FOIA;

    iv. award Plaintiffs attorneys' fees and costs; and

v.  award such other relief the Court considers appropriate.

Dated: January 2, 2024

                                                   RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
JACK WHITNEY

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com